```
               UNITED STATES DISTRICT COURT
           FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


DALE SCOTT HUNNEWELL,         :    CIVIL NO. 1:05-CV-2521
                              :
          Petitioner          :    (Judge Conner)
     v.                       :
                              :    (Magistrate Judge Smyser)
WARDEN RONNIE HOLT,           :
                              :
          Respondent          :
```

**REPORT AND RECOMMENDATION**

On December 6, 2005, the petitioner, a federal prisoner proceeding *pro se,* filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 and a memorandum of law in support of that petition.  The petitioner is currently incarcerated at the Federal Correctional Institution - Schuylkill in Minersville, Pennsylvania.  The petitioner is challenging a conviction he received from the United States District Court for the District of Maine.  The petitioner claims that the United States violated the anti-shuttling provision of the Interstate Agreement on Detainers (IAD).  The petitioner is seeking release from custody.

By an Order dated December 28, 2005, the respondent was ordered to show cause on or before January 20, 2006, why the petitioner should not be granted habeas corpus relief.  The Order of December 28, 2005 also provided that the petitioner may file a

reply to the response within ten days of the filing of the response.

On January 20, 2006, the respondent filed a response to the petition. On February 6, 2006, the petitioner filed a reply to the respondent's response.[1]

---

[1] In his reply, the petitioner objects to the respondent's response in its entirety. The petitioner contends that the United States Attorney can not act as counsel in this case. The petitioner argues that the United States Attorney is a representative of the judicial branch and that it is a conflict of interest and a violation of the principle of separation of powers for the United States Attorney to act as counsel in this case. However, the United States Attorney is within the Department of Justice of the executive branch of the government and the United States Attorney has authority to prosecute or defend for the Government all civil actions in which the United States is concerned. *See* 28 U.S.C. § 547(2). This action challenges a federal conviction and the respondent, the warden, is a federal official. Thus, this is an action in which the Untied States is concerned and it is appropriate for the United States Attorney to act as the respondent's counsel.

The respondent contends that the petition should be dismissed because the petitioner can not challenge his federal conviction and sentence by way of a 28 U.S.C. § 2241 habeas petition.[2]

28 U.S.C. § 2255 provides:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.
>
> . . . .
>
> An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or

---

[2] The respondent also contends that the petition should be dismissed because it is barred by issue preclusion. Because we agree with the respondent's contention that the petitioner can not bring his claim by way of a § 2241 habeas petition, we do not address issue preclusion.

3

ineffective to test the legality of his detention.

The claim that the petitioner is raising is a type of claim that should be brought by way of a § 2255 motion in the district court of conviction. *See United States v. Williams,* 615 F.2d 585, 590 (3d Cir. 1980)(concluding that a claim of an IAD violation is the type of statutory claim cognizable in a section 2255 action).

To be able to bring a petition for a writ of habeas corpus, the petitioner must establish that he satisfies the safety-valve language of § 2255, i.e. that the remedy by a § 2255 motion is inadequate or ineffective to test the legality of his detention.  The safety-valve language in § 2255 has been strictly construed. *See Application of Galante*, 437 F.2d 1164, 1165-66 (3d Cir. 1971)(unfavorable legal standards prevailing in circuit where sentencing court located does not render § 2255 remedy inadequate or ineffective); *Millan-Diaz v. Parker*, 444 F.2d 95, 97 (3d Cir. 1971)(doubts about the administration of a § 2255 motion in a particular case do not make the remedy inadequate or ineffective); *United States ex rel. Leguillou v. Davis*, 212 F.2d 681, 684 (3d Cir. 1954)(even if the sentencing court incorrectly disposes of a proper motion under § 2255 the proper remedy would be by appeal of that decision and not a habeas corpus petition).  A motion under

4

§ 2255 is inadequate or ineffective only where it is established "'that some limitation of scope or procedure would prevent a Section 2255 proceeding from affording the prisoner a full hearing and adjudication of his claim of wrongful detention.'" *Galante, supra*, 437 F.2d at 1165 (quoting *Leguillou, supra*, 212 F.2d at 684).

28 U.S.C. § 2255 establishes a one-year statute of limitations applicable to § 2255 motions.  Also, before a second or successive § 2255 motion may be considered by the district court, it must be certified by a three judge panel of the court of appeals to contain:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. § 2255.

"Section 2255 is not inadequate or ineffective merely because the sentencing court does not grant relief, the one-year statute of limitations has expired, or the petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255." *Cradle v. United States*, 290 F.3d 536, 539 (3d Cir. 2002).  "It is

5

the inefficacy of the remedy, not the personal inability to utilize it, that is determinative" *Id.* at 538.

In *In re Dorsainvil*, 119 F.3d 245 (3d Cir. 1997), the Third Circuit addressed the issue of when a prisoner may bring a § 2241 habeas petition after being denied leave to file a successive § 2255 motion. *Dorsainvil* involved a prisoner who sought to bring a successive § 2255 motion on the basis of the United States Supreme Court's decision in *Bailey v. United States*, 516 U.S. 137 (1995). In *Bailey* the Court held that a defendant may not be convicted of using a firearm under 18 U.S.C. § 924(c) unless the government proves that the defendant "actively employed the firearm during and in relation to the predicate crime." 516 U.S. at 150. After the *Bailey* decision the petitioner in *Dorsainvil* filed an application to file a successive § 2255 motion claiming that on the basis of *Bailey* he was imprisoned for conduct that the Supreme Court had determined is not illegal. The Third Circuit held that a prisoner who was convicted and filed his first § 2255 motion before the *Bailey* decision may not file a second § 2255 motion based on *Bailey* because the second motion does not meet the stringent requirements created by the Antiterrorism and Effective Death Penalty Act for filing a second § 2255 motion. 119 F.3d at 248. The Third Circuit went on to indicate that although a prisoner may not file a second § 2255 motion based on *Bailey* he

6

may file a 28 U.S.C. § 2241 habeas corpus petition. *Id.* at 251. However, the Third Circuit cautioned that:

> We do not suggest that § 2255 would be "inadequate or ineffective" so as to enable a second petitioner to invoke § 2241 merely because that petitioner is unable to meet the stringent gatekeeping requirements of the amended § 2255. Such a holding would effectively eviscerate Congress's intent in amending § 2255. However, allowing someone in Dorsainvil's unusual position - that of a prisoner who had no earlier opportunity to challenge his conviction for a crime that an intervening change in substantive law may negate, even when the government concedes that such a change should be applied retroactively - is hardly likely to undermine the gatekeeping provisions of § 2255.

119 F.3d at 251.

The Third Circuit held that the petitioner in *Dorsainvil* may bring a § 2241 petition because to hold otherwise might result in the imprisonment of a person who had not committed a crime. *Id.*

Contrary to his argument, the petitioner is not in a position similar to the petitioner in *Dorsainvil*. The violation of the IAD alleged by the petitioner does not establish that he was convicted of crime that an intervening change in substantive law has negated. Moreover, the petitioner could have brought his claim in connection with a direct appeal of his conviction or in connection with his first 28 U.S.C. § 2255 motion.[3] The fact that the

---

[3] The petitioner argues in his reply that the IAD violation
(continued...)

7

petitioner may now be barred from filing a successive § 2255 motion either based on the statute of limitations or based on the restrictions on filing second or successive § 2255 motions does not indicate that his remedy by way of a § 2255 motion was inadequate or ineffective to test the legality of his detention.

The petitioner argues that, if the court construes § 2255 as barring his application for a writ of habeas corpus, § 2255 constitutes a suspension of the writ in violation of the Suspension Clause of the United States Constitution.  This argument is without merit.

The Suspension Clause provides that "[t]he Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it."  U.S. Const. art. I, §9.  "It is, of course, well established that requiring a federal prisoner to pursue post-conviction relief in the trial court under § 2255, rather than in a habeas proceeding

---

[3](...continued)
had the effect of negating the detainer lodged against him and divesting the district court of jurisdiction over him. The petitioner could have raised that argument on direct appeal or in his first § 2255 motion.

under § 2241, where that remedy is adequate and effective does not constitute a suspension of the writ." *United States v. Brooks,* 245 F.3d 291, 292 n.2 (3d Cir. 2001)(citing *United States v. Anselmi,* 207 F.2d 312, 314 (3d Cir. 1953)).  Neither do the gatekeeping provisions limiting § 2255 motions violate the Suspension Clause. *See generally Felker v. Turpin*, 518 U.S. 651, 664 (1996)(holding that the statutory restrictions placed on filing second habeas petitions by state prisoners [which are similar to the limits on filing second or successive § 2255 motions] do not amount to a suspension of the writ contrary to Article 1, §9). *See also Benefiel v. Davis*, 403 F.3d 825, 827 (7th Cir. 2005)("What is protected from suspension is the writ that limits a persons's detention by the executive branch without trial.  There is no constitutional entitlement to post-judgment collateral review by the inferior federal courts, let alone to unending rounds of such review.").

 The petitioner also argues that his claim is cognizable in a § 2241 case because this action arose from an appeal of an administrative remedy.  The petitioner is apparently referring to an administrative request he filed with the Bureau of Prisons for presentence credit.  The petitioner, however, in his petition in this case has not challenged the Bureau of Prisons' calculation of his sentence.  Rather, the petitioner is seeking to have his

9

conviction vacated and to be released from custody based on a violation of the IAD.  Such a claim, as discussed above, should be brought by way of a motion under § 2255.

The petitioner has not established that his remedy by way of a 28 U.S.C. § 2255 motion is inadequate or ineffective to test the legality of his detention.  Accordingly, pursuant to 28 U.S.C. § 2255, the petitioner may not bring his claim challenging his conviction as a § 2241 habeas corpus petition.

Based on the foregoing, it is recommended that the petition (doc. 1) for a writ of habeas corpus be dismissed and that the case file be closed.

                                                ***/s/ J. Andrew Smyser***
                                                J. Andrew Smyser
                                                Magistrate Judge

Dated:  March 6, 2006.