IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DALE SCOTT HUNNEWELL,** | : | **CIVIL ACTION NO. 1:05-CV-2521** |
| Petitioner | : | (Judge Conner) |
| v. | : | |
| **WARDEN RONNIE HOLT**, | : | |
| Respondent | : | |

## ORDER

AND NOW, this 13th day of April, 2006, upon consideration of the report of the magistrate judge (Doc. 12), to which no objections were filed, recommending dismissal of petitioner's writ of habeas corpus (Doc. 1), filed pursuant to 28 U.S.C. § 2241, and, following an independent review of the record, it appearing that petitioner is challenging a conviction in the United States District Court for the District of Maine, arguing that the United States violated the anti-shuttling provision of the Interstate Agreement on Detainers ("IAD"), see 18 U.S.C. app. 2 § 2, art. IV(e), and it appearing that this claim was not raised by petitioner in a motion pursuant to 28 U.S.C. § 2255, see id. ("An application for a writ of habeas corpus [on] behalf of a prisoner . . . shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . ."); see also United States v. Williams, 615 F.2d 585, 590 (3d Cir. 1980) (concluding that an allegation of an IAD violation "is the type of statutory claim cognizable in a section 2255 action"), and the court finding that petitioner has not demonstrated that the remedies available to him in a § 2255 motion are inadequate or ineffective, see 28 U.S.C. § 2255 ("An application for a writ of habeas

corpus [on] behalf of a prisoner . . . shall not be entertained . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."); In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997), it is hereby ORDERED that:

1. The report and recommendation of the magistrate judge (Doc. 12) is ADOPTED.

2. The petition for a writ of habeas corpus (Doc. 1) is DENIED.

3. Any appeal from this order is DEEMED frivolous and not in good faith. See 28 U.S.C. § 1915(a)(3).

4. The Clerk of Court is directed to CLOSE this case.

   /s/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge